IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL SALDANA, | No. C 05-4400 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| ANTHONY P. KANE, Warden, et al., | |
| Respondents. | |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

**STATEMENT**

Petitioner was convicted of second degree murder in 1991. He received a sentence of sixteen years to life in prison. In 2004 he was denied parole for the third time; it is that parole decision he challenges here. He alleges that he has exhausted these claims by way of state habeas petitions.

///

///

**DISCUSSION**

**A.    STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state

United States District Court
For the Northern District of California

trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.    ISSUES PRESENTED**

In the petition the issues were not set out in clear numbered form, but in the order to show cause they were distilled into three contentions, that (1) petitioner's due process rights were denied when the Board denied parole for the third time based on the circumstances of his crime; (2) his due process rights were violated by the Board's failure to comply with California law requiring that parole "normally" be granted; and (3) there was no reliable evidence to support denial of parole. Respondent's motion to dismiss was granted as to issue two, which is a state-law claim, and issues one and three were held to be essentially the same claim, that denial of parole violated petitioner's due process rights because it was not supported by "some evidence."

In his traverse petitioner attempts to state two new claims, that his Sixth Amendment rights were violated by the Board's post-trial fact finding, and that the degree of threat to society he presents was fixed by the sentencing court. As respondent points out, there new issues cannot be raised in a traverse, even assuming they are exhausted. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). They will not be considered further.

Among other things, respondent contends that California prisoners have no liberty interest in parole and that if they do, the only due process protections available are a right to be

3

1 heard and a right to be informed of the basis for the denial – that is, respondent contends there
2 is no due process right to have the result supported by sufficient evidence. Because these
3 contentions go to whether petitioner has any due process rights at all in connection with parole,
4 and if he does, what those rights are, they will addressed first.

### 1. RESPONDENT'S CONTENTIONS

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1.

#### a. LIBERTY INTEREST

Respondent contends that California prisoners have no liberty interest in parole. Respondent is incorrect that *Sandin v. Conner*, 515 U.S. 472 (1995), applies to parole decisions, *see Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (*Sandin* "does not affect the creation of liberty interests in parole under *Greenholtz* and *Allen*."), and, applying the correct analysis, the California parole statute does create a liberty interest protected by due process, *see McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole."). Respondent's claim to the contrary is without merit.

#### b. DUE-PROCESS PROTECTIONS

Respondent contends that even if California prisoners do have a liberty interest in parole, the due process protections to which they are entitled by clearly-established Supreme Court authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial. That is, he contends there is no due process right to have the decision supported by "some evidence." This position, however, has been rejected by the Ninth Circuit, which has held that the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904;

1  *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established
2  federal law in the parole context for purposes of § 2254(d). *See Sass*, 461 F.3d at 1128-1129.

### 2. PETITIONER'S CLAIMS

As discussed above, in the ruling on respondent's motion to dismiss it was concluded that petitioners claims boil down to one: whether there was "some evidence" to support the Board's denial of parole. Subsequent to that ruling, however, the Ninth Circuit decided *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007), in which it treated a contention that repeated denial of parole based solely on the commitment offense, coupled with extensive evidence of rehabilitation (hereafter called a "*Biggs* claim"), as different than a "some evidence" claim. Petitioner's *Biggs* claim therefore will be considered separately.

#### a. "BIGGS CLAIM"

In a line of relatively recent cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense. *See Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir. 2007); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

In *Biggs* the court said that it might violate due process if the Board were to continue to deny parole to a prisoner because of the facts of his or her offense and in the face of evidence of rehabilitation. 334 F.3d at 916-17. No legal rationale for this statement was provided, and it was unclear whether the court was suggesting that the continued denial of parole would be a new sort of due process violation or whether it was simply expressing the thought that with the passage of time the nature of the offense could cease to be "some evidence" that the prisoner would be a danger if paroled.[1] This ambiguity was helpfully cleared up in *Irons*, where the court clearly treated a "some evidence" claim as different from a "*Biggs* claim." *Irons*, 505

---

[1] The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (adopting "some evidence" standard for disciplinary hearings outlined in *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).

5

F.3d at 853-54. It appears, putting together the brief discussions in *Biggs* and *Irons*, that the court meant that at some point denial of parole based on long-ago and unchangeable factors, when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and violate due process. As the dissenters from denial of rehearing en banc in *Irons* point out, in the Ninth Circuit what otherwise might be dictum is controlling authority if the issue was presented and decided, even if not strictly "necessary" to the decision. *Irons v. Carey*, 506 F.3d 951, — (9th Cir. Nov. 6, 2007) (dissent from denial of rehearing en banc) (citing and discussing *Barapind v. Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir.2005)). Depending on whether the discussion of dictum in the dissent from denial of rehearing en banc in *Irons* is correct, it thus may be that the Ninth Circuit has recognized that due process right, which for convenience will be referred to in this opinion as a "*Biggs* claim."

Petitioner has failed to establish the predicate for his *Biggs* claim. For one thing, a third denial based on the circumstances of the crime does not amount to the repeated denials which the *Biggs* court suggested might violate due process. For another, petitioner's parole was not denied solely because of the circumstances of his offense, but also because of his insufficient programing in prison, his receipt of a negative report ("chrono") since his last hearing, his lack of acceptable parole plans, the psychological report which said he was not a "good bet" for release, and his failure to come to terms with his offense (Exh. 3 at 35-37). And finally, assuming for purposes of this discussion that *Biggs* and *Irons* recognized an abstract due process right not to have parole repeatedly denied on the basis of the facts of one's crime and in the face of extensive evidence of rehabilitation, and also assuming arguendo that the right was violated in petitioner's case, petitioner still cannot obtain relief on this theory, because there is no clearly-established United States Supreme Court authority recognizing a "*Biggs* claim." The state courts' rulings therefore could not be contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

  **b.**  **"SOME EVIDENCE" CLAIM**

Petitioner contends that denial of parole was not supported by "some evidence" and thus violated his due process rights.

6

1    Ascertaining whether the some evidence standard is met "does not require examination
2 of the entire record, independent assessment of the credibility of witnesses, or weighing of the
3 evidence. Instead, the relevant question is whether there is any evidence in the record that
4 could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*,
5 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so
6 devoid of evidence that the findings of the disciplinary board were without support or otherwise
7 arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

8    It is now established under California law that the task of the Board of Parole Hearings
9 and the governor is to determine whether the prisoner would be a danger to society if he or she
10 were paroled. *See In re Lawrence*, 44 Cal. 4th 1181, 1205-06 (2008). The constitutional "some
11 evidence" requirement therefore is that there be some evidence that the prisoner would be such
12 a danger, not that there be some evidence of one or more of the factors that the regulations list
13 as factors to be considered in deciding whether to grant parole. *Ibid.*

14    Before the Board petitioner tried to minimize his responsibility for the crime, and the
15 Board noted that he has given conflicting versions of it (Exh. 3 at 10-15, 33). He also was on
16 probation at the time of the offense (*id.* at 10). In prison he had received counseling chronos for
17 being late for work, which the Board considered a potential problem for his being employed if
18 released (*id.* at 22-23), his counselor considered him to be a "moderate" risk to the public (*id.* at
19 24), and the psychologist who prepared an evaluation said that petitioner was not "a good bet
20 for release" in the absence of more solid plans for what he would do if released (*id.* at 25; Exh.
21 7 at (unnumbered) 4). He did not have evidence of current firm plans for a place to live or a job
22 (Exh. 3 at 26-28).

23    At the time of the hearing petitioner had served thirteen years on his sixteen-years-to-
24 life sentence. At that point in his sentence the circumstances of the offense, particularly that he
25 was on probation when it occurred, continue to have some persuasive value. That is, he once
26 before had been given a conditional release somewhat similar to parole, and instead of
27 performing well committed a serious crime. He also seemed not to appreciate the seriousness
28 of his offense, trying to minimize it and giving inconsistent versions of it, which suggests that

he has failed to come to terms with his guilt, a factor which goes to his suitability at the present time.  In addition, the Board's decision was supported by the reports of his counselor and a psychologist, and by the inadequacy of his plans if released.  There was "some evidence" to support the denial.

Because petitioner's rights were not violated, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October  13 , 2008.

*/s/ William Alsup*
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.05\SALDANA4400.RUL.wpd

8